IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DALE SCOTT HOLBERT,<br>#02576254,<br><br>　　　Plaintiff,<br><br>v.<br><br>BOTTIE HILLHOUSE, et al.,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:25-cv-268-JDK-JDL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, now an inmate of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil lawsuit for alleged violations of his constitutional rights during a previous stay in the Henderson County Jail. The case was referred to United States Magistrate Judge John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On October 1, 2025, Judge Love entered a Report and Recommendation that this action be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2). Docket No. 11. After the Court granted Plaintiff an extension of time to object to the Report, Plaintiff submitted a letter that the Court liberally construes to be his written objections. Docket Nos. 17, 19.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a Magistrate Judge's Report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc). Furthermore, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See U.S. v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate judge's recommendations.").

Judge Love recommended dismissal of Plaintiff's claims because Plaintiff failed to allege any facts that would establish that any defendant has been deliberately indifferent to his serious medical needs. Docket No. 11 at 5–9. Plaintiff's objections do not identify any error in the Report. To the contrary, the objections

acknowledge the factual timeline recounted by the Judge Love and further confirm that Plaintiff ultimately had an MRI on his shoulder in August 2025, "about two months after [his] injury." Docket No. 19 at 1. For the reasons explained by Judge Love and uncontradicted by Plaintiff, that delay does not establish deliberate indifference. *See* Docket No. 11 at 8. Further, Plaintiff still does not identify any necessary treatment that has been withheld or otherwise allege facts that would prove that any defendant knew of and disregarded any serious medical need.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 19) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 11) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **21st** day of **January, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE